UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MERCEDES EBY,

    Plaintiff,

and

PAINTERS UNION INSURANCE FUND,

    Intervening Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

Case No: 13-10688

Honorable Sean F. Cox
Magistrate Judge Laurie J. Michelson

_____/

**ORDER ON (1) DEFENDANT'S MOTION TO COMPEL MEDICAL EXAMINATIONS AND FOR PROTECTIVE ORDER [28] AND (2) DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM DR. LUNG OR TO SHOW CAUSE WHY DR. LUNG SHOULD NOT BE IN CONTEMPT [29]**

Plaintiff Mercedes Ely alleges that while she was shopping at the Target store in the Monroe Mall on August 12, 2010, she slipped and fell and "suffer[ed] serious injuries." (Dkt. 1, Ex. A, Compl. at ¶¶ 7-9.) As a result of the incident, Plaintiff brought this negligence action against Defendant Target Corporation in Monroe County Circuit Court, which Target removed to federal court on February 18, 2013. (Dkt. 1.)

Pursuant to the damages being sought by Plaintiff, Defendant requested that Plaintiff submit to medical exams with the following medical specialists: (1) Dr. Kanwaldeep Sidhu for Plaintiff's cervical and lumbar spine claims; (2) Dr. Richard Perry for Plaintiff's left knee claim; (3) Dr. Elissa Benedek for Plaintiff's emotional distress claim; and (4) Dr. Manfred Greiffenstein for neuro-psychological testing based on injury claims to the neck and back and other medical problems. (Dkt. 28, Mot. to Compel at ¶ 3.) Plaintiff refused to have an exam by Dr. Greiffenstein and

proposed several conditions to submitting to the other exams. (*Id*. at ¶¶ 4-5.) When the parties could not reach agreement, Defendant filed the present Motion to Compel and For Protective Order. (Dkt. 28.) The motion was referred to this Court for hearing and determination. (Dkt. 30.) The Court's Notice of Hearing directed Plaintiff to respond to Defendant's motion by December 27, 2013. (Dkt. 33.) Plaintiff failed to comply and thus, the motion is unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response . . . ."). Because the unopposed motion satisfies the requirements of Federal Rule of Civil Procedure 35, it will be **GRANTED**.

Defendant has also attempted to subpoena certain medical records from Plaintiff's treating psychologist, Dr. Marina Lung ("Dr. Lung."). (Dkt. 29, Mot. to Compel or for Contemp at ¶¶ 3-4.) While Plaintiff has apparently signed an authorization for the records, Dr. Lung has failed to produce them. Thus, Defendant filed a Motion to Compel Discovery from Dr. Lung or to Show Cause Why Dr. Lung Should Not be in Contempt (Dkt. 29), which was also referred to this Court (Dkt. 30). No response to that motion has been filed by either Dr. Lung or Plaintiff. Defendant's motion, however, does not indicate that it requested concurrence from Dr. Lung, nor does it demonstrate that third-party subpoenas were properly served on Dr. Lung. Thus, the motion will be **DENIED WITHOUT PREJUDICE**.

## I. MOTION FOR MEDICAL EXAMINATIONS

Federal Rule of Civil Procedure 35 provides that upon a motion for good cause, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "Rule 35 . . . requires discriminating application by the trial judge" to ensure that "the party requesting a mental or physical examination or examinations has adequately demonstrated the

existence of the Rule's requirements of 'in controversy' and 'good cause . . . .'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). A good cause determination can be made on the pleadings:

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

*Id.* at 119 (citation omitted).

In this negligence action, Plaintiff specifically pleads the following:

> As a direct and proximate result of Defendant's negligence and breaches of its various duties to her, Mrs. Eby suffered, among perhaps others, the following injuries:
>
> a. Fractured bones;
> b. Damaged cartilage requiring knee surgery;
> c. Cracked ribs;
> d. Pain and suffering;
> e. Mental anguish;
> f. Aggravation of a serious pre-existing back issue;
> g. She has been required to incur substantial sums of money for the reasonable and necessary medical care and treatment described above in an attempt to alleviate and cure herself of the pain, discomfort, mental anguish and permanent injuries sustained by her in the hereinbefore described incident, and that she will continue to do so into the future;
> h. She is and will be unable to participate in those activities which a normal and healthy individual in the same or similar circumstances could have participated in but for the injuries sustained in the before described incident.
> i. She has suffered a loss of wages and/or loss of earning capacity, which will continue into the future; and
> J. Other injuries and damages as revealed by discovery.

(Compl. at ¶ 17.)

Thus, having considered the relevant pleadings, the arguments in Defendant's motion, and

3

Plaintiff's lack of any opposition, the Court finds that Plaintiff's physical and mental conditions are "in controversy" and Defendant has demonstrated good cause to justify the medical examinations with the above-referenced medical specialists. Accordingly, within 21 days from the date of this Order, Plaintiff is to submit to the requested medical examinations with the following conditions (agreed to by Defendant):

1. Defendant will provide to Plaintiff the disclosures called for by Rule 26 as to experts to the extent the expert has the information;

2. Each examiner will prepare a report and it will be provided to Plaintiff;

3. If Plaintiff does not have something the expert relied upon, it will be provided;

4. Plaintiff will be provided a copy of the forms each examiner may require to be completed at the visit;

5. Plaintiff's attorney may attend the exam, but may not interfere, provided, however, that in the neuropsychological exam, the attorney may not sit in the testing sessions;

6. Reimbursement of mileage at the IRS rate, $0.565/mile;

7. Request the examiner to refrain from referring to the exam as "independent" but in any event, even if the word, "independent," happens to appear in the documents, it will also be made clear that the exam is at the request of Defendant.

Additionally, the responses to interrogatories and requests for documents by Plaintiff (pertaining to these medical examinations) will be so limited.

4

**II.     MOTION TO COMPEL FROM DR. LUNG OR TO HOLD HER IN CONTEMPT**

Defendant learned during discovery that Plaintiff has treated with Dr. Marina Lung for over 20 years for psychological counseling. (Mot. to Compel from Dr. Lung at ¶ 3.) According to Defendant, "Subpoenas and requests for [Dr. Lung's] records, were made on January 30, 2013, February 19, 2013, August 5, 2013, November 11, 2013 and November 25, 2013 and have been ignored completely, as well as a failure to respond to telephone message, even though the requests were supported by a signed authorization from plaintiff authorizing the release of those records." (*Id*. at ¶ 4.) As a result of this failure to produce, Defendant asks the Court to order Dr. Lung to "either provide the records forthwith or to show cause why she should not be held in contempt of court." (*Id*. at 4.)

As an initial matter, in this district, movants "must" seek concurrence in the relief requested before filing a motion. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must certify that "despite reasonable effort specified in the motion or request, the movant was unable to conduct a conference." LR 7.1(a)(2)(B). Judges in this District have denied motions based upon non-compliance with this Rule. *See e.g., Little Caesar Enterprises, Inc. v. Vega*, No. 11-13163, 2011 U.S. Dist. LEXIS 82766 (E.D. Mich. July 28, 2011); *Dragoiu v. HUD*, No. 10-11896, 2011 U.S. Dist. LEXIS 59489 (E.D. Mich. June 3, 2011). Here, Defendant's motion makes no mention of any effort to contact Dr. Lung about its motion, nor does it offer any explanation for why such

an outreach was not undertaken.

Additionally, Defendant has failed to adequately support its motion. Subpoenas to non-parties – and their non-compliance – are governed by Federal Rule of Civil Procedure 45. *See, e.g.*, *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) (explaining that the "only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45(e)" (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983))). That Rule provides that the "issuing court may hold in contempt a person who, *having been served*, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e) (emphasis added). Defendant's motion, however, does not attach the subpoenas or any proofs of service. It is, therefore, not adequately supported.

### III. CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion to Compel Medical Examinations and for Protective Order (Dkt. 28) is **GRANTED** as detailed above, and Defendant's Motion to Compel Records from Dr. Lung or to Show Cause Why Dr. Lung Should Not be in Contempt (Dkt. 29) is **DENIED WITHOUT PREJUDICE**. Upon proper verification of service of the subpoenas and efforts to seek concurrence pursuant to Local Rule 7.1, Defendant may refile the motion.

Finally, the hearing scheduled for January 15, 2014 is **CANCELLED**.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

13-10688 Eby v. Target Corporation

Date:   December 30, 2013                              s/Laurie J. Michelson
                                                      Laurie J. Michelson
                                                      United States Magistrate Judge

I hereby certify that a copy of the foregoing document was sent to parties of record on December 30, 2013, electronically and/or by U.S. Mail.

                                                      s/Michael Williams
                                                      Case Manger for the
                                                      Honorable R. Steven Whalen