UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mercedes Eby,

       Plaintiff,

v.                            Case No. 13-10688

Target Corporation,          Sean F. Cox
                                   United States District Judge

       Defendant.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mercedes Eby ("Plaintiff") filed this premises liability action against Defendant Target Corporation ("Defendant" or "Target") after she slipped and fell in one of it's retail stores. The matter is currently before the Court on Defendant's Motion for Summary Judgment. The parties' have briefed the issues and the Court heard oral argument on March 6, 2014. For the reasons set forth below, the Court shall GRANT Defendant's Motion for Summary Judgment and dismiss this action with prejudice because: 1) Plaintiff cannot show that Defendant caused the alleged dangerous condition or that Defendant knew or should have known that the unsafe condition existed; and 2) Plaintiff's spoilation of evidence argument lacks merit.

## BACKGROUND

**A.    Procedural History**

Plaintiff filed this premises liability action against Defendant after she slipped and fell in one of its retail stores. Defendant removed the action to this Court on February 28, 2013, based on diversity jurisdiction.

On May 6, 2013, the Painters Union Insurance Fund ("the Fund") filed a motion seeking to intervene in this action. Before the Court ruled on that motion, however, the parties stipulated that the Fund could intervene in this action and file its proposed Intervening Complaint. (Docket Entry No. 18). The Fund filed its Intervening Complaint on October 9, 2013. (Docket Entry No. 21). In it, the Fund asserts that it has provided payment for medical services to Plaintiff resulting from the accident that forms the basis of this action and it seeks a judgment of $102,000.00 against Defendant.

Following the close of discovery, Defendant filed the instant Motion for Summary Judgment on December 10, 2013. On December 12, 2013, Defendant filed a supplement to the motion stating that it is seeking summary judgment as to both Plaintiff's Complaint and the Fund's Intervening Complaint. (Docket Entry No. 32).

Plaintiff filed a brief in opposition to Defendant's Motion for Summary Judgment. The Fund has not filed any response to Defendant's Motion or its Supplemental Brief.

**B.     Factual Background**

Viewing the evidence in the light most favorable to Plaintiff, the non-moving party, the facts underlying this action are as follows.

On August 12, 2010, Plaintiff was shopping at a Target retail store in Monroe, Michigan when she slipped and fell. (Pl.'s Dep. at 73-75). Plaintiff testified that the weather was nice that day and it was not raining. (*Id.*).

Plaintiff testified that she fell on clear water on the tiled floor in the store. (Pl.'s Dep. at 81-82 & 90). She was in the main aisle, which parallels the front of the store, near some DVDs. (Pl.'s Dep. at 81-82; Ex. C, Team Member Witness Statement).

2

Plaintiff did not see any water on the floor before she fell.  (Pl.'s Dep. at 82).  Plaintiff did not see anyone spill anything on the floor, nor did she see anything that may have been the source of the water.  (*Id.* at 88-91).  Plaintiff testified that she has no idea where the water came from or how long it had been on the floor before she fell.  (*Id*. at 91).

Plaintiff testified that she saw a Target employee stocking shelves one aisle away from where she fell.  (Pl.'s Dep. at 85-86).  That Target employee, Danielle Duffy ("Duffy"), later filled out a Team Member Witness Statement.  (Ex. C to Def.'s Br.).  Duffy's statement, which is consistent with Plaintiff's testimony, indicates that she was working one aisle away from Plaintiff when Plaintiff fell.

But the first person to respond after Plaintiff fell was another shopper, Rebecca Behm ("Behm"), who was shopping about four or five feet away from Plaintiff.  (Pl.'s Dep. at 97-98).

Behm testified that Plaintiff was in the same aisle as she was, but behind her.  (Behm Dep. at 12).  Behm did not see any water on the floor before Plaintiff fell.  After Plaintiff fell, Behm saw that there was a puddle of clear water on the floor.  (Behm Dep. at 16).  Behm testified that she did not see how the water got on the floor and she has no idea how long the water was on the floor.  (Behm Dep. at 16-17).

Behm asked Plaintiff if she was alright and helped her up.  (Pl.'s Dep. at 99).  At that point, two Target employees also came over to help Plaintiff.  (Pl.'s Dep. at 99).

Duffy's statement indicates, consistent with Plaintiff's testimony, that there was a puddle of water on the floor where Plaintiff fell.  (Ex. C to Def.'s Br.).  It also states that Duffy had been through the area where Plaintiff fell just five minutes prior to the incident and the area was dry and clean at that time.  (*Id*.).

The other Target employee who arrived on the scene after Plaintiff fell was Michael Mason ("Mason").  Mason and Plaintiff filed out a Guest Incident Report on the date of the accident.  (Ex. 4 to Pl.'s Br.).  That statement indicates Plaintiff fell at 12:32 p.m. and that she slipped on clear water on the floor.  The Guest Incident Report advises the guest that a Target representative will contact them within the next few days and provides a telephone number the guest can call with any questions.

A day or two after she fell, a Target representative contacted Plaintiff via telephone and asked Plaintiff if she was going to make a claim.  (Pl.' s Dep. at 111).  When Plaintiff responded that she was going to make a claim, the representative "said then I will have to switch you to someone else.  So she put me through to someone else and I explained to the gentleman why I, why I was on the phone with him and he said that he would have to view the film before he could make any decisions."  (Pl.'s Dep. at 111-12).  That gentleman was Rich Milklee.  (*Id*.).

Mason was deposed during discovery in this case.  Mason testified that he was working as "Leader on Duty" on the date of Plaintiff's fall, which is a management position.  (Mason Dep. at 6).  Mason testified that, in August of 2010, Target had some surveillance cameras in the store.  The system was a VHS system that recorded tapes that were changed out daily.  (Mason Dep. at 20).  Mason testified it was an older system and the video tapes would be recorded over every thirty days.  Thus, any given tape would be available for thirty days, unless action was taken to save it for some reason.  (Mason Dep. at 24-27).

Mason testified that he checked Target's surveillance video on August 12, 2010, after Plaintiff fell.  (Mason Dep. at 19).  He testified that there was no video of the area where Plaintiff fell and he therefore did not save any of the videotapes from the date of the incident:

> Q.      Did you file away, to use that phrase, any of the video footage from August 12, 2010?
> A.      I did not.
> Q.      Why not?
> A.      *There was no video evidence pertaining to the incident at all*, and according to Target's policy, if you do not have any video evidence, it's not required to be followed, documented.

(Mason Dep. at 52) (emphasis added).

## ANALYSIS

As both parties recognize, the substantive law of Michigan governs this diversity case. *See, e.g., United States v. Anderson County, Tenn.*, 761 F.2d 1169, 1173 (6th Cir. 1985).

Under Michigan law, a storekeeper must provide reasonably safe premises for its customers. *Whitmore v. Sears Roebuck & Co.*, 279 N.W.2d 318, 320 (Mich. Ct. App. 1979). "When a plaintiff alleges a claim of premises liability, she must show either that the defendants caused the unsafe condition, or that the defendant knew or should have known that the unsafe condition existed." *Minni v. Emro Marketing Co.*, 1997 WL 359073 (6th Cir. 1997) (citing *Whitmore, supra*, at 321 and *Serinto v. Borman Food Stores*, 158 N.W.2d 485, 486 (Mich. 1968)).

"When there is no evidence that the defendant caused or actually knew of the unsafe condition, the plaintiff may show constructive notice by demonstrating 'that the unsafe condition ha[d] existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it.'" *Minni, supra* (quoting *Whitmore*). "Such a showing requires evidence that the condition had existed for a 'considerable time.'" *Id*. "The mere fact of an accident, standing alone, does not prove negligence." *Id*.

## A.      Can Plaintiff Establish That Defendant Caused The Condition?

5

Defendant asserts that no one saw anything that caused water to be present on the floor and therefore, Plaintiff cannot show that Defendant caused the alleged dangerous condition.

Plaintiff has not directed the Court to any evidence that could establish that Defendant or one of its employees caused the alleged condition.

**B.      Can Plaintiff Establish That Defendant Knew Or Should Have Known That The Unsafe Condition Existed?**

Defendant also asserts that Plaintiff cannot produce any evidence that Target knew or should have known that the unsafe condition existed.  Moreover, Defendant offers evidence to establish that it lacked such notice.  "First, Plaintiff was walking down the aisle toward the front entrance of the store and did not see anything to account for the water being there."  (Def.'s Br. at 14).  "Second, there was a target employee in the side aisle, one over from where plaintiff fell, Danielle Duffy.  She had been through the place where plaintiff fell just 5 minutes prior to Plaintiff, and the floor was dry.  Exhibit C, Statement of Team Member by Danielle Duffy."  (*Id*).  "Third, another customer who was shopping in the store at that time, Rebecca Behm, had just walked in the same spot as Plaintiff fell 'a few moments' before Plaintiff walked down the aisle, and did not see any water on the floor.  Exhibit D, Deposition of Rebecca Behm, page 13.  Moreover, she did not see anybody put any water on the floor."  (*Id.* at 14).

In response, Plaintiff has not directed the Court to any evidence that could establish that the alleged condition had existed for a considerable time.

**C.      Does Plaintiff's Spoilation Of Evidence Argument Allow Her To Survive Summary Judgment?**

Rather than direct the Court to any evidence that could establish that Defendant either caused the alleged condition, or that the condition existed for a considerable time such that

Defendant should have known of it, Plaintiff makes a spoilation of evidence argument.  Plaintiff asserts that "Michigan Civil Jury Instruction 6.01 entitles the jury to draw an adverse (to Target) inference when '(1) the evidence was under the party's control and could have been produced; (2) the party lacks a reasonable excuse for its failure to produce the evidence; and (3) the evidence is material, not merely cumulative, and not equally available to the other party.' *Ward v. Consolidated Rail Corp*, 472 Mich. 77, 85-86, 693 N.W.2d 366 (2005)."  (Pl.'s Br. at 13).  Plaintiff contends that test is met here and argues that "Target's destruction/spoilation of evidence creates a inference that the video footage would have been adverse to Target, meaning that either (1) a Target employee caused the water to be on the floor, in which case notice is irrelevant; or (2) Target had or should have had knowledge of the water on the floor."  (Pl.'s Br. at 14).

The Court rejects Plaintiff's argument that she can survive summary judgment here based on spoilation of evidence.

Plaintiff bases her spoilation argument on Michigan law, but federal law governs the issue.  Until 2009, the Sixth Circuit "had a policy of applying the substantive law of the forum state as it pertained to exclusion of evidence based on spoilation of evidence." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.,* 341 F. App'x. 93, 95 (6th Cir. 2009).  In *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009) (*en banc*), the Sixth Circuit overruled the prior line of cases and held that federal law governs the issue.

"Spoilation is 'the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction.'" *Ross v. American Red Cross*, __ F. App'x. __, 2014 WL 289430 at * 3 (6th Cir. 2014).  A district court may impose a variety of sanctions for

7

spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence. *Id.* In order to be entitled to relief, the party asserting that evidence has been spoliated must establish that: 1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; 2) the records were destroyed with a culpable state of mind; and 3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id.* at *4 In other words, a sanction is appropriate if the opposing party knew the evidence was relevant to some issue at trial and their culpable conduct resulted in its destruction. *Id.*

Here, technically speaking, Defendant did not "destroy" any videotapes. Rather, Defendant did not set them aside and, during the normal course of its business, the tapes were recorded over.

Moreover, the only evidence before the Court reflects that Mason did not believe the video tapes from the date of the incident were relevant to Plaintiff's claim because they did not depict the area where Plaintiff fell or her fall. Thus, contrary to Plaintiff's assertion that Target has no reasonable excuse for failing to preserve the video tapes from the date of the action, the only evidence before the Court is that the video cameras did not capture the area where Plaintiff fell and so Target did not retain them. There has been no showing of culpable conduct.

The Court concludes that no spoliation sanction is warranted and that Defendant is entitled to summary judgment because Plaintiff cannot establish that Defendant caused the alleged condition or that the condition existed for a sufficient amount of time that Defendant had constructive notice of the condition.

8

Accordingly, the Court shall: 1) dismiss Plaintiff's Complaint in this action with prejudice; and 2) also dismiss the Fund's Intervening Complaint, seeking an award against Target for medical expenses for Plaintiff that it has paid.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Complaint, and the Fund's Intervening Complaint, are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

9